CAROL BILDERBACK *et al.*, Petitioners-Appellants, *v.* TRICO COMMUNITY UNIT SCHOOL DISTRICT NO. 176, PERRY, JACKSON, AND RANDOLPH COUNTIES, Defendant-Appellee.

(No. 72-103;

Fifth District—May 25, 1973.

Robert N. Gandy, of Peek and Gandy, of Du Quoin, for appellants.

Wolff, Jones & Lawder, of Murphysboro, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Petitioners appeal from an order of the Circuit Court, First Judicial Circuit, Jackson County, quashing the summons and dismissing petitioners' cause of action in an election contest for a recount in a bond and special issue referendum in Trico Community Unit School District No. 176, Perry, Jackson and Randolph Counties.

The election was held on September 18, 1971, at five polling places within the district. The verified petition states that the results of the election were announced on September 23, 1971. The statement of contest and petition was filed on October 18, 1971, with the circuit clerk of Perry County and it was styled "In the Circuit Court, Twentieth Judicial Circuit of Illinois, Perry County." The defendant school district filed a special appearance objecting to the jurisdiction of the court over the defendant and the subject matter, pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 20), and as grounds contended that the true legal name of the district is "Trico Community Unit School District No. 176, Jackson, Perry and Randolph Counties, Illinois"; that statutes give power to hear election contests only to the circuit court of the county having jurisdiction of the school district involved; that the sole and only county having jurisdiction over the school district is the County of Jackson; all steps in its formation and administration have been carried out by officers of the County of Jackson, Illinois. Further, that no portion of the administration or control of the said school district is carried on in the County of Perry, Illinois; that the greatest portion of the geographic area of the district, and the greatest number of students attend in Jackson County. The special appearance was supported by affidavits of superintendents of educational service regions for the Counties of Jackson, Perry and Randolph and the superintendent of the Trico Community Unit School District and the district secretary.

On November 8 petitioners asked leave to amend the petition to set up the school district name as contained in the special appearance. Petitioners also filed an answer to the special appearance setting forth, in part, that section 7 of the Civil Practice Act provides that "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located." The answer further alleged that the board may employ a superintendent who has certain statutory duties; that the Trico superintendent's office is in Perry County; and that the office of the Trico District is the office of the superintendent in Perry County. This answer was not verified. Arguments were heard and the presiding judge ordered on

November 18, 1971, that "this court" does not have jurisdiction of the cause of action; that the proper jurisdiction is Jackson County; that the special appearance "is granted"; and that the summons issued out of this court is quashed, and further "in accordance with section 10(2) of the Civil Practice Act, this cause is ordered transferred to the Circuit Court of Jackson County, Illinois." The record from Perry County was then transferred to and filed in the Circuit Court of Jackson County. Defendant then filed a special appearance in the Circuit Court of the First Circuit, Jackson County, referring to the court file from Perry County and alleging that an election contest is a statutory proceeding and must be brought within 30 days of the date in which the results of election are declared, that the Circuit Court of Jackson County does not have jurisdiction because the contest was not filed "in this court" within the time limited by statute. An answer was filed and the judge sitting in Jackson County ordered the summons issued by the clerk of Jackson County quashed and the action of petitioners dismissed. Petitioners appeal from the order of dismissal entered in Jackson County.

■■ The Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 1 *et seq.*) is applicable to election contests (see *Lang v. Board of Ed. of Community Unit School Dist. No. 16*, 109 Ill.App.2d 195, 249 N.E.2d 862), but, of course, "the separate statutes control to the extent to which they regulate procedure." (Section 1, Civil Practice Act.) Under the terms of section 20 of the Civil Practice Act the filing of a special appearance does not constitute a request to the court to enter any judgment between the parties except upon the limited basis of whether the court has jurisdiction. The defendant did not object to the action of the Circuit Court of Perry County in transferring the cause to the Circuit Court of Jackson County, although, according to defendant, the order entered in the Circuit Court of Perry County was a final and appealable order.

The entire question before us is the propriety of the action of the court in Jackson County in dismissing this case and quashing service of summons on the basis that it had no jurisdiction because the action was not timely filed in Jackson County. Defendant argues that it was essential to the jurisdiction of an election contest to file it within the terms Ill. Rev. Stat. 1971, ch. 46, art. 23, sec. 20, providing: "The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, * * *." The defendant's argument is that the petitioners have a filed action in Perry County and it has been determined by the Perry County court that it has no juris-, diction and no appeal was taken from that determination; that it, there-

fore, is the law of the case that Jackson County solely had jurisdiction and the case was not filed in Jackson County within the 30 days provided by the statute. Defendant relies primarily upon *Flake v. Pretzel,* 381 Ill. 498, 46 N.E.2d 375, where it was said, in substance, that an election contest exists solely by statute, it is not a common law right, nor an action in law or in equity, although it is governed by chancery practice, and the statutory procedure must be followed.

■■ In article VI, section 9 of the Constitution of the State of Illinois original jurisdiction is given to circuit courts of all justiciable matters. The legislature has vested circuit courts with authority over certain election contests, including this one. Both parties agree, as they must, that the circuit court has jurisdiction over election contests if their jurisdiction is invoked on a timely basis and in a proper manner. It is defendant's position, in sum, that the jurisdiction of the Circuit Court of Jackson County has not been invoked in the required manner, *i.e.,* the action was not timely filed.

We think the defendant's position is not tenable, that the petitioners have taken the steps necessary to gain jurisdiction over defendant and that the cause was properly pending before the Circuit Court of Jackson County.

■■ Both sides refer to section 10(2) of the Civil Practice Act which provides as follows: "Whenever it appears that an action has been commenced in a court which does not have jurisdiction to determine the action, the court shall, at any time, upon its own motion or upon the motion of any party, order the cause transferred to a court of competent jurisdiction in a proper venue." It seems to us that this provision of the Illinois Civil Practice Act controls the matter. Defendant refers us to a Federal statute, 28 U.S.C. §1406(a), which applies in the case of a filing in a Federal District of wrong venue, but this has no application here. By its terms, the Illinois statute is made applicable not to changes of venue but in cases in which the court does not have jurisdiction to determine the action. This is precisely the contention which was made by the defendant in the Circuit Court of Perry County and in which it was sustained. The court is clearly empowered, even upon its own motion, to transfer the cause to a court of competent jurisdiction in a proper venue. The statute expressly contemplates that the case not be dismissed but rather transferred, and this provision for transfer must have been intended to apply to a situation such as we have here. Surely the legislature would not have intended that a number of election contests be commenced within several counties where a district has offices in order to have a determination of the county in which the principal office existed. We can hypothesize a situation in which if multiple election

contests were brought in multiple counties that the courts might arrive at multiple conclusions as to the county where the principal office was located. Under these circumstances the parties might be put to the expense of multiple trials of the same election contest in various counties.

Since the legislature has undertaken to empower the trial court to transfer the case where a particular court has no jurisdiction, and since we are dealing with a type of action which is not a common law controversy, but is a statutory creation by the legislature, the legislature must be deemed to have power to control the life or survival of its own progeny.

It must be considered that this is not a surprise to the defendant who was apprised of the original action. The court has ordered the preservation of the ballots. If delay has occurred in the conduct of the contest it occurred in consequence of the action of the defendant in securing the action of the trial court which it desired. Indeed, if the action of the court in Perry County was final and appealable, and its finding that Jackson County was the proper jurisdiction did establish the law of the case in that it was final and appealable, then it would seem that the provision of the same order transferring the cause to Jackson County was also final and appealable. But we do not have before us the question of whether the Perry County order was final and appealable and therefore we do not decide it; but we observe that this argument cuts both ways. It seems persuasive to us that a circumstance of uncertainty about the proper location of the principal office in an essentially local action such as an election contest should not be the occasion for cutting off the right of contesting an election. This would appear to be a proper case for the court to exercise its power of transfer under the precise conditions established by the statute. This cause is accordingly reversed and remanded to the Circuit Court of Jackson County for further proceedings in conformity with this decision.

Reversed and remanded.

G. MORAN, P. J., and CREBS, J., concur.