BILLY KIRK *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF HILLCREST *et al.*, Defendants-Appellees.

(No. 72-158;

Second District—November 27, 1973.

Raymond T. Brasel, of Batavia, for appellants.

James Canfield, of Canfield Law Offices, of Rockford, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs sought an injunction restraining the Village (defendant) from interfering with the construction of an eight-unit apartment building on lot 40, Subdivision 6 in the Village of Hillcrest. From denial of relief, plaintiff Kirk appeals.

In July of 1958, defendant adopted a comprehensive zoning ordinance dividing the village into three use-districts: single family, multiple family and commercial. A 1963 amendment added a district for apartment use which permitted apartment houses with not more than four units.

On February 6, 1969, one Robert Meadors filed an application requesting that lots 35 to 40 inclusive in Subdivision 5 be changed from single-family to apartment use. The published notice of hearing on this request described the lots as located in Subdivision 6. The zoning board of appeals, after a March 1 hearing, recommended that the rezoning be granted as requested. The defendant, on March 6, 1969, adopted an amendment to its zoning ordinance in accordance with the zoning board's recommendation. Both the amended ordinance and the newspaper publication of the same, described lots located in Subdivision 5.

Approximately three years later (January 17, 1972) plaintiff Kirk purchased lot 40 in Subdivision 6. He thereafter related to the president of the board of trustees his desire to construct an eight-unit apartment building and claims that the president "assured (him) there would be no problem due to the fact it was zoned that way." Plaintiff states that during a similar discussion, the building inspector, a member of the board of trustees, said "he wanted to discuss the blueprints of the proposed building with others and check the ordinance."

On Sunday, February 6, 1972, the board of trustees met, discussed village business and viewed the blueprints but took no official action. On the same day, the building inspector issued plaintiff a building permit to construct an eight-unit apartment house on lot 40 in Subdivision 6.

Two days later, plaintiff began excavation for footings. On Wednesday, after being verbally informed by the village president that he was in violation, he responded that he intended to continue construction. On Friday the president sent plaintiff a letter stating that the construction

was in violation of the zoning ordinance for not having a valid permit as to lot 40 in Subdivision 6. The following Monday, the building inspector, by letter, revoked plaintiff's permit and ordered him to stop construction.

At trial, plaintiff introduced exhibits of various subcontractor's bids which he had accepted on February 7, 1972, and a construction loan commitment. He testified that before stopping construction, he had become obligated for approximately $1800 in concrete work. His witnesses opined that reference to Subdivision 5 in the amended ordinance of March 6, 1969, was a typographical error and that the description intended was Subdivision 6. The record is silent as to whether there is a lot 40 in Subdivision 5.

The trial court found that the March 6, 1969 amendment was not applicable to plaintiff's lot and that the lot retained its residential-use classification. An order was entered denying injunctive relief.

■■ A municipality may amend its zoning ordinances to reclassify properties provided that a timely published notice sets forth the time and place of hearing. (Ill. Rev. Stat. 1969, ch. 24, sec. 11—13—14.) The notice is mandatory, jurisdictional and must correctly describe the subject property, otherwise any attempted amendment will be invalid. (*Village of Riverwoods v. County of Lake,* 94 Ill.App.2d 320, 327-328 (1968).) In as much as no notice of hearing was ever published appropriate to the originally requested changes in Subdivision 5, neither the zoning board of appeals nor the defendant had jurisdiction to proceed with hearings, recommendations or ordinance amendments pertinent to that Subdivision. The attempted amendment changing the permitted use of lots 35 to 40 in Subdivision 5 is invalid.

The notice that was published granted the board jurisdiction to proceed with hearings on changes within Subdivision 6. The hearings were not held in accordance with the published notice. The uses in Subdivision 6 remain unchanged and the trial court was correct in stating that plaintiff's lot retains a residential-use classification.

■■ The general rule is that a municipality is not estopped from revoking a building permit where there is a lack of authority for its issuance. (*J. Burton Co. v. City of Chicago,* 236 Ill. 383, 390 (1908).) An exception arises under the doctrine of equitable estoppel where the permittee, relying upon the issued permit, has substantially altered his position as evidenced by the expenditure of money and incurred obligations. *Cities Service Oil Co. v. City of Des Plaines,* 21 Ill.2d 157 (1961).

■■ Plaintiff argues that under the circumstances here he is entitled to relief under the exception. Rather than reiterate the facts or unneces-

sarily lengthen this opinion, we refer plaintiff to the case of *Johnson v. City of Chicago*, 107 Ill.App.2d 182, 189-190 (1969), where almost identical facts were resolved against plaintiff's claim. We find the *Johnson* case dispositive of the issue.

The judgment is affirmed.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.