HOLLAND ASPHALT PAVING CO., Plaintiff-Appellee, *v.* BANK BUILDING AND EQUIPMENT CORPORATION OF AMERICA *et al.*, Defendants-Appellants.

Fifth District   No. 77-195

Opinion filed January 31, 1978.

R. W. McGovern, of Listeman, Bandy and Hamilton, of Belleville, for appellants.

Irvin Slate, Jr., of Granite City, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A subcontractor, Holland Asphalt and Paving Company (Holland), filed a complaint in the Circuit Court of Madison County seeking a personal judgment against the contractor, Bank Building and Equipment Corporation of America (Bank Building), and against the owner, Illini Federal Savings and Loan Association (Illini), and seeking a foreclosure of a mechanics' lien. Both Bank Building and Illini filed an answer. On April 28, 1975, more than two years after the completion of the work, both defendants filed motions to dismiss alleging that the complaint was not filed in the county where the real estate is located. (Ill. Rev. Stat. 1975, ch. 82, par. 9.) Upon motion of the plaintiff, the trial court transferred the cause to the Circuit Court of St. Clair County which after a hearing entered a judgment of $25,219.52 against both defendants and entered a judgment of foreclosure against Illini. Illini appealed.

Illini contends the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, par. 1 *et seq.*) is a statutory remedy and should, therefore, be strictly construed. Section 9 of the Mechanics' Liens Act states, in pertinent part: "[S]uch contractor may bring suit to enforce his lien by complaint or petition in any court of competent jurisdiction in the county where the real estate is located * * *." The defendant, Illini, argues that the filing in the county where the property is located is a jurisdictional requirement and that the statute of limitations expired prior to the transfer of the complaint to St. Clair County.

This is a question of first impression. While section 9 of the Mechanics' Liens Act states that the contractor may bring suit by filing in the county where the real estate is located, the act does not define "commencement" of the suit. Section 12 of the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, par. 12) provides: "[T]he rules of practice and proceedings in such cases shall be the same as in other civil cases, except as otherwise provided in this act." Under section 13(1) of the Civil Practice Act, an action is commenced by the filing of a complaint. (Ill. Rev. Stat. 1975, ch. 110, par. 13(1).) A grounds for dismissal under section 48(1)(a) of the

Civil Practice Act is "[t]hat the court does not have jurisdiction of the subject matter of the action, *provided the defect cannot be removed by a transfer of the case to a court having jurisdiction.*" (Emphasis added.) Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(a).

Prior to 1976, section 10(2) of the Civil Practice Act stated: "Whenever it appears that an action has been commenced in a court which does not have jurisdiction to determine the action, the court shall, at any time, upon its own motion or upon the motion of any party, order the cause transferred to a court of competent jurisdiction in a proper venue." (Ill. Rev. Stat. 1975, ch. 110, par. 10(2).) This section was in effect when this suit was transferred to the proper county. Although this section was deleted in the 1976 amendment to section 10, the historical notes suggest that deletion was not intended to change the substantive law, but occurred because the section became superfluous when the new constitution made all courts in Illinois courts of general jurisdiction.

■■■ The question presented in this case is similar to the question presented in *Bilderback v. Trico Community Unit School District No. 176*, 11 Ill. App. 3d 928, 297 N.E.2d 26. The plaintiffs in *Bilderback* filed a suit to contest an election within the 30-day limit but in the wrong county. When the action was transferred, the transferree court dismissed the action as not being timely filed. As in this case, the defendants in *Bilderback* argued that the election contest was a statutory remedy and should be strictly construed. In *Bilderback*, we held that the filing of the suit tolled the statute of limitations since the essential purpose of the limitation period was met, *i.e.*, that the defendants were not surprised by a stale claim. In holding that the filing of the suit tolled the statute, we not only relied upon the deleted section 10(2) of the Civil Practice Act, but also upon article VI, section 9, of the Constitution of the State of Illinois. Article VI, section 9, states: "Circuit Courts shall have original jurisdiction of all justicable matters * * *." Since the Madison County Court is a court of general jurisdiction, it had the inherent power to transfer the action to another county in the State.

Defendant, Illini, argues that this holding will create a severe hardship upon persons who must search land title records because the searcher would have to review records of every county to avoid overlooking mechanics' lien claims. However, if the claim for lien is recorded in the county where the property is located within the two-year period as provided by section 7 of the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, par. 7) no hardship occurs. The plaintiff filed a claim for lien in the recorder of deeds office in St. Clair County on September 13, 1973, 6½ months after a notice of claim for lien was served on the defendants. The complaint was filed by the plaintiffs on September 18, 1973. The filing of the claim for lien in St. Clair County where the property is located would

754

have apprised any third parties of the claim upon the land even though suit was brought in another county.

The defendant had timely notice of the action by the plaintiff and filed its answer within 30 days of service. Several motions were considered by the court in 1973 and the matter was stricken from the January 1975 jury docket of Madison County at the request of one of the defendants. The defendant was in no way prejudiced by the action of the Circuit Court of Madison County in transferring the cause to the Circuit Court of St. Clair County.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.