JOHN J. GROTTO *et al.*, Plaintiffs-Appellants, *v.* LITTLE FRIENDS, INC., *et al.*, Defendants-Appellees.

Second District   No. 81-294

Opinion filed February 25, 1982.

Leroy A. Grotto, of Kolb and Grotto, of Glen Ellyn, for appellants.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara Preiner, Assistant State's Attorney, of counsel), for appellee County of Du Page.

Kathleen West, of Nadelhoffer, Hennessy, Dommermuth and Brestal, of Naperville, for appellee Little Friends, Inc.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiffs, John J. Grotto, Justina M. Grotto, Russell Abbott and Nikki Abbott bring this appeal of a dismissal of their amended complaint against Little Friends, Inc., an Illinois Corporation, and the County of Du Page.

The trial court granted the county's motion to dismiss the amended complaint pursuant to section 48(i) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(i)) on the grounds that plaintiffs had failed to exhaust their administrative remedies.

■■ For the purpose of ruling on the county's motion to dismiss, the factual allegations of the complaint must be accepted as true and all inferences must be drawn therefrom in favor of the nonmovants, the plaintiffs. *Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 344.

The substance of the amended complaint is that the plaintiffs and the

defendant, Little Friends, Inc., are owners of adjoining properties in Du Page County all of which are classified under the Du Page County Zoning Ordinance as R-3 single-family residential; that on January 12, 1980, a building permit was issued by the Du Page County building department to Little Friends, Inc., together with a certificate of the planning and zoning department of the county, which permitted the use and alteration of the subject property of Little Friends, Inc., as a facility for autistic children; and that under the Du Page Zoning Ordinance such a use is defined as a sheltered care home and is permitted in a single-family residential district only as a special use. It is further alleged in the complaint that no petition for a special use was ever submitted to the zoning board, nor was any public hearing held on the matter as required by the zoning ordinance of the county for the granting of a special use.

■■ According to the factual allegations of the complaint, the County of Du Page, in effect, granted Little Friends, Inc., a special-use permit without giving notice or holding a public hearing. We take judicial notice of the Du Page County Zoning Ordinance including the requirements therein for notice and public hearing prior to the granting of a special-use permit. The action of the county granting the permit in the manner alleged in the complaint clearly contravened the terms of the county's own zoning ordinance.

■■ The courts have generally adopted the view that requirements respecting notice and hearing on the application to a zoning body or board for a special-use permit are mandatory and jurisdictional, so that failure to comply with such requirements will ordinarily invalidate the action of the zoning body or board in granting the special permit. (See 82 Am. Jur. 2d *Zoning and Planning* §300 (1976); Annot., 38 A.L.R.3d 167, 180 (1971).) Notice must be given and public hearings held before a variance or exception can be granted, and the action of granting a variance or exception without notice and public hearing would be null and void. (*Bluett v. County of Cook* (1958), 19 Ill. App. 2d 172, 176-77.) Accepting the factual allegations of the complaint as true, the granting of the special-use permit in the instant case was null and void.

■■ The trial court, however, dismissed the complaint because plaintiffs had failed to appeal the issuance of the building permit in question within 20 days as required by the county zoning ordinance and had, therefore, failed to exhaust their administrative remedies. According to the pleadings, plaintiffs were unaware of the issuance of the building permit and the accompanying zoning action in question until after the expiration of the 20-day appeal period because of the defendant county's failure to require the giving of notice or the holding of a public hearing. The administrative remedy relied upon by the trial court was, under these facts, unavailable to the plaintiffs, and it would have been useless to

pursue that remedy. Plaintiffs' affidavit filed in support of their motion to reconsider verifies that conclusion, since it discloses that plaintiffs did attempt to file an appeal with the county which was rejected because the 20-day appeal period had elapsed. Equity will not require the doing of a useless act. *Daven v. Downey* (1941), 378 Ill. 543, 555.

Under the facts set forth in the pleadings, the County of Du Page had no authority to issue a building permit for a use classified as a day-care center or sheltered care home under its zoning ordinance, and plaintiffs had no administrative remedies available before they sought judicial relief. The trial court erred in dismissing the amended complaint. That order is reversed, and the matter is remanded to the circuit court of Du Page County for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.