ILLINOIS POWER COMPANY, Petitioner, v. THE POLLUTION CONTROL
BOARD *et al.*, Respondents.

Fourth District   No. 4—84—0803

Opinion filed October 10, 1985.—Rehearing denied November 19, 1985.

Sheldon A. Zabel and Carolyn A. Lown, both of Schiff, Hardin & Waite, of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, of Chicago, and Greig R. Seidor, Assistant Attorney General, of Springfield, of counsel), for respondents.

JUSTICE McCULLOUGH delivered the opinion of the court:

Illinois Power Company (IPC) appeals from an order of the Illinois Pollution Control Board (Board), which affirmed a decision of the Illinois Environmental Protection Agency (Agency). The Agency had decided to deny a permit for Unit 2 at IPC's Vermilion power plant. The Agency had also issued a permit for Unit 1 subject to conditions which IPC found objectionable. On appeal, IPC contends: (1) The Board's action was invalid because the Board failed to give the requisite statutory notice of its hearing to members of the public and the General Assembly; (2) the Board's action was invalid because the Board violated its own provision for notice to parties; and (3) the Board's decision was against the manifest weight of the evidence. Due to our disposition of the first issue, we need not address the latter two.

On July 28, 1982, the Agency denied two permit renewal applications for IPC's Units 1 and 2 at its Vermilion power plant. Pursuant to section 40 of the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1040), IPC appealed the permit denials to the Board. The Board decided the Agency had incorrectly denied the permits and remanded the case for review consistent with its opinion. The IPC appealed, but this court dismissed the appeal, holding that the Board's order was not final. On October 2, 1983, the Supreme Court denied leave to appeal.

IPC filed additional permit applications for Units 1 and 2 on February 8, 1984. On June 8, the agency denied a permit for Unit 2. The Agency issued a permit for Unit 1 subject to certain operating conditions. IPC appealed these decisions to the Board on July 13, 1984.

Section 40(a) of the Act outlines the procedure for permit appeals:

"(a)(1) If the Agency refuses to grant or grants with conditions a permit under Section 39 of this Act, the applicant may, within 35 days, petition for a hearing before the Board to contest the decision of the Agency. The Board shall give 21 day notice to any person in the county where is located the facility in

issue who has requested notice of enforcement proceedings and to each member of the General Assembly in whose legislative district that installation or property is located; and shall publish that 21 day notice in a newspaper of general circulation in that county. The Agency shall appear as respondent in such hearing. At such hearing the rules prescribed in Sections 32 and 33(a) of this Act shall apply, and the burden of proof shall be on the petitioner.

(2) Except as provided in paragraph (a)(3), if there is no final action by the Board within 90 days, petitioner may deem the permit issued under this Act ***." Ill. Rev. Stat. 1983, ch. 111½, par. 1040(a).

The Board assigned the case to a hearing officer on September 24, 1984. On September 25, the hearing officer notified the Board that because 21-day notice could no longer be provided before the lapse of the 90-day period, he was of the opinion that no hearing could legally be held. The Board directed the hearing officer to hold the hearing, and the hearing was scheduled for October 3. Both parties received notice of the hearing on September 28. At the hearing, IPC filed what it called a special appearance. IPC contended the hearing was illegal because the proper statutory and regulatory notice was not provided. IPC declined to present any evidence at the hearing. IPC also declined to relate how it had been prejudiced by the lack of notice. The Agency presented its record of application pertaining to Units 1 and 2.

On October 12, 1984, the Board affirmed the Agency's decisions. The Board found the 21-day statutory notice provision was not met, but it also decided IPC lacked standing to challenge the failure to comply. The Board also held the regulatory 21-day notice to the parties had not been met. The Board, however, decided the error was not prejudicial to IPC. Finally, the Board decided IPC had not met its burden of demonstrating the invalidity of the Agency's decision. Two dissenters believe the complete lack of notice to the persons specified in section 40(a) deprived the Board of the authority to adjudicate the merits of the controversy.

Through an administrative oversight, the Board found itself faced with a dilemma. In order to address the merits of the permit appeal, the Board had to dispense with the hearing or violate either the statutory notice requirement or the statutory 90-day decisional limit. In *Marquette Cement Manufacturing Co. v. Pollution Control Board* (1980), 84 Ill. App. 3d 434, 405 N.E.2d 512, the court held section 40 contemplates both a hearing and a final decision within 90 days, and

if either is not forthcoming within that time, the permit is deemed issued as a matter of law. The effect of inaction by the Board for 90 days simply protects the party seeking review from charges of operation without a permit, a violation of both State and Federal law. The permittee is still vulnerable to any other charge for illegal violation, and the Agency may still bring an enforcement action. (*Illinois Power Co. v. Pollution Control Board* (1983), 112 Ill. App. 3d 457, 462, 445 N.E.2d 820, 824.) In view of *Marquette Cement*, the Board decided to hold a hearing and render a decision within 90 days. The Board, therefore, dispensed with the notice required by the statute.

IPC contends the Board's failure to give the statutory notice renders the hearing invalid. IPC concludes the permits issued as a matter of law. The Board notes IPC suffered no prejudice by the failure to give notice and argues IPC lacks standing to raise the issue. The Board also contends any error was technical and, therefore, does not require reversal. (Ill. Rev. Stat. 1983, ch. 110, par. 3—111(b).) Rather than a matter of standing or technical error, we deem the statutory notice requirement to be a jurisdictional matter. While circuit courts derive their jurisdiction directly from the constitution (*In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 443 N.E.2d 289), an administrative authority derives its power solely from the statute by which it was created (*Spray v. Illinois Civil Service Com.* (1983), 114 Ill. App. 3d 569, 449 N.E.2d 176). The legislature has determined that certain of its members and the public should be notified before the Board holds a hearing on a permit appeal. The Board cannot simply disregard this directive. The statute requiring the notice to be given states in part: "The Board *shall* give 21 day notice ***; and shall publish ***." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 111½, par. 1040(a).) The Illinois Supreme Court in *People v. Youngbey* (1980), 82 Ill. 2d 556, 562, 413 N.E.2d 416, 419, stated that the use of the word "shall" is regarded as indicative of a mandatory intent. (Also see *In re Application of Rosewell* (1983), 97 Ill. 2d 434, 454 N.E.2d 997.) The failure to comply with a mandatory provision of a statute will render void the proceeding to which the provision relates. *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29.

The State agency and, in this instance, the Pollution Control Board cannot ignore the mandatory requirements of notice in an effort to evade the responsibility to complete a hearing within the required time, *i.e.*, 90 days from the time of filing. The Board failed to follow the statutory procedure. Because a valid hearing was not held within 90 days of IPC's petition, the permits are deemed issued under section 40.

For the foregoing reasons, the decision of the Illinois Pollution Control Board is reversed.

Reversed.

WEBBER and TRAPP, JJ., concur.