THE KANE COUNTY DEFENDERS, INC., *et al.*, Petitioners-Appellants, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees.

Second District   No. 84—0940

Opinion filed December 30, 1985.

Robert G. Foster, of Winston & Strawn, and Eugene W. Beeler, of Beeler, Schad & Diamond, both of Chicago, for appellants.

Robert Morrow, State's Attorney, of Geneva (David R. Akemann, Assistant State's Attorney, of counsel), for appellee County Board of Kane County.

Richard J. Kessel and Frederick L. Moore, both of Martin, Craig, Chester & Sonnenschein, of Chicago, and Lyle C. Brown, of Schnell, Richards, Brown, Ritt, Freeman & Dalton, P.C., of Elgin, for appellee Illinois Sanitary District of Elgin.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Petitioners, who seek to prevent installation of a sludge landfill by respondent, Elgin Sanitary District (ESD), appeal directly ·to this court from an order of the Pollution Control Board (PCB), which upheld a decision of the Kane County Board approving the proposed site for that purpose.

The proposed sludge landfill site covers a 79-acre area and centers on a quarry which has been excavated to a depth of 25 feet below grade. The site is directly north of the Fox River and is located northeast of the intersection of McLean Boulevard and Route 31 in unincorporated Kane County. The project is part of Elgin Sanitary District's proposed four-step pollution control plan required under the Federal Water Pollution Control Act (33 U.S.C. sec. 1251 *et seq.* (1982)). The overall planning area under consideration comprises approximately 82 square miles with a 1980 population of 132,000 people. The area has many industrial waste contributors to its sewage system and a variety of chemicals are found in the resulting sludge produced by the pollution control process. Approximately 750,000 cubic yards of sludge are expected to be landfilled during the estimated 20-year life of the proposed site.

The sanitary district intends to pipe treated sludge to the landfill where it will be dewatered in a building on site and then trucked to the active portion of the landfill and mixed with soil. A leachate collection system is to be used to collect any free liquids in the landfill,

and the leachate and liquid accumulated from the dewatering process will be piped back to the treatment plant. When the landfill is full, it will be covered and turned over to the forest preserve district.

On September 14, 1983, the executive committee of the Kane County Board held a public hearing pursuant to section 39.2(d) of the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1039.2(d)) and voted to recommend siting approval for the proposed landfill and that recommendation was subsequently approved by the full county board. Petitioners' request to reopen the hearing for further evidence was denied by the county board, and they sought review of the decision by the Pollution Control Board under section 40.1(b) of the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1040.1(b)). The PCB conducted hearings on February 16 and 23, 1984, and thereafter affirmed the decision of the county board. Petitioners initially, and erroneously, sought to appeal to the appellate court for the First Judicial District; that court transferred the direct appeal to this court in accordance with section 41(a) of the Environmental Protection Act (Ill. Rev. Stat., 1982 Supp., ch. 111½, par. 1041(a)).

Petitioners raise five issues in their briefs: (1) whether failure of the Elgin Sanitary District to follow the statutory requirements for filing and notice of the site request renders the decision of the county board void; (2) whether the county board properly refused to reopen the hearing; (3) whether *ex parte* communications with Kane County Board members irrevocably tainted its decision; (4) whether procedural irregularities in the hearing prejudiced the proceedings; and (5) whether the PCB's determination as to the suitability of the landfill site was against the manifest weight of the evidence. We find the first issue to be dispositive.

■■ Preliminarily, we address respondents' contention that this appeal should be dismissed as untimely filed because petitioners' direct appeal was not filed in the Second Judicial District, as required by section 41(a) of the Environmental Protection Act (Ill. Rev. Stat., 1982 Supp., ch. 111½, par. 1041(a)), until after the 35-day deadline mandated by the Administrative Review Act. (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) It is well-established, however, that if a cause of action is timely filed in the wrong venue and then transferred to the proper venue after the statutory filing period has expired, it remains timely filed. Ill. Rev. Stat. 1983, ch. 110, par. 2—104; *Holland Asphalt Paving Co. v. Bank Building & Equipment Corp. of America* (1978), 57 Ill. App. 3d 751, 753-54, 373 N.E.2d 501; *In re Estate of Olsen* (1983), 120 Ill. App. 3d 744, 747-48, 458 N.E.2d 164, *appeal*

*withdrawn* (1984), 99 Ill. 2d 530.

▮▮ ▮ Petitioners contend that because the sanitary district failed to fulfill the notice requirements of section 39.2(b) of the Environmental Protection Act the Kane County Board lacked jurisdiction to hear the landfill site proposal. The Act directs:

"(b) No later than 14 days prior to a request for location approval the applicant shall cause written notice of such request to be served *** on the owners of all property within 250 feet ***.

Such written notice shall also be *** published in a newspaper of general circulation published in the county in which the site is located. Such notice shall state the name and address of the applicant, the location of the proposed site, the nature and size of the development, the nature of the activity proposed, the probable life of the proposed activity, the date when the request for site approval will be submitted to the county board, and a description of the right of persons to comment on such request as hereafter provided." Ill. Rev. Stat. 1983, ch. 111½, par. 1039.2(b).

ESD filed its site location request with the county board on August 11, 1983, and had then previously served timely notice on the necessary property owners on July 20, 1983. However, it was not until August 10, 1983, that it caused a notice to be published in the Daily Courier-News in Elgin to announce the proposed site and the right of persons to comment for 30 days from the filing of its request. This notice also stated that the site approval request would be submitted to the county board "within 14 days," rather than announcing the exact date it would be filed of August 11, as is required by the statute. ESD sought to correct this error on August 20, 1983, by then causing to be published notice of the date its request was filed, together with the hearing date and the last date of the comment period.

Petitioners contend that ESD violated the statutory notice requirements by failing to publish notice of the request on or before July 28 (14 days prior to the filing of the requests) and by failing to give published notice of the date of filing until August 20 (nine days after filing the request), thereby substantially shortening the length of the comment period available to the general public. Inasmuch as the 14-day deadline in the first paragraph of section 39.2(b) applies to the second paragraph as well, it is apparent that ESD did not comply with the notice requirements of the statute.

Petitioners argue this appeal is governed by *Illinois Power Co. v. Pollution Control Board* (1985), 137 Ill. App. 3d 449, 484 N.E.2d 898,

in which the court held that the failure to give statutory notice divested the Pollution Control Board of jurisdiction to review the denial of a power plant permit. In that case, the PCB held a hearing to review a decision of the Illinois Environmental Protection Agency pursuant to section 40(a) of the Environmental Protection Act, which requires:

> "The Board shall give 21 day notice to any person in the county where is located the facility in issue who has requested notice of enforcement proceedings and to each member of the General Assembly in whose legislative district that installation or property is located; and shall publish that 21 day notice in a newspaper of general circulation in that county." (Ill. Rev. Stat. 1983, ch. 111½, par. 1040(a).)

The PCB failed to give notice to any of the required individuals or to publish the notice. Noting that the statute uses the mandatory term, "shall," and that an administrative body such as the PCB derives its power solely from the statutes creating it (*Spray v. Illinois Civil Service Com.* (1983), 114 Ill. App. 3d 569, 573, 449 N.E.2d 176), the court found that the statutory notice requirements were jurisdictional. (*Illinois Power Co. v. Pollution Control Board* (1985), 137 Ill. App. 3d 449, 452, 484 N.E.2d 898.) It concluded that because of the failure to give the required notice, the PCB lacked jurisdiction to hear the appeal, and its order was thus void.

A review of the applicable statutes convinces us that the reasoning of the court in *Illinois Power Co.* applies even more strongly in the present case. (See Ill. Rev. Stat. 1983, ch. 111½, par. 1040(a).) The provision construed in *Illinois Power Co.* requires that the PCB base its review exclusively on the record made before the agency below and prohibits the admission of new evidence. Additionally, the PCB cannot make its own findings of fact; it may only review the factual determinations of the county board or other agency and consider whether those findings are against the manifest weight of the evidence. *City of East Peoria v. Pollution Control Board* (1983), 117 Ill. App. 3d 673, 678-80, 452 N.E.2d 1378, *appeal allowed* (1983), 96 Ill. 2d 559.

However, under the statutes governing county board proceedings in such matters (Ill. Rev. Stat. 1983, ch. 111½, par. 1039.2), the county board is required to hold a public hearing and develop a record upon which it must base its independent evaluation of the proposed landfill site. The legislature has charged the county board, rather than the PCB, with resolving the technical issues such as the public health ramifications of a landfill's design. (*City of East Peoria v. Pollution*

*Control Board* (1983), 117 Ill. App. 3d 673, 680, 452 N.E.2d 1378, *appeal allowed* (1983), 96 Ill. 2d 559.) This broad delegation of adjudicative power to the county board clearly reflects a legislative understanding that the county board hearing, which presents the only opportunity for public comment on the proposed site, is the most critical stage of the landfill site approval process. We find support for this view also in the statutory notice requirements themselves, which are more demanding at the county board phase of the process. In view of the significance of this critical stage, we apply the reasoning of the *Illinois Power Co.* court, which recognized jurisdictional safeguards at the review stage of site approval proceedings, to the county board proceedings. The notice requirements contained in section 39.2(b) of the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1039.2(b)) are jurisdictional prerequisites which must be followed in order to vest the county board with the power to hear a landfill proposal. (See *Grotto v. Little Friends, Inc.* (1982), 104 Ill. App. 3d 105, 432 N.E.2d 634; *Martin v. City of Greenville* (1977), 54 Ill. App. 3d 42, 369 N.E.2d 543; *Kirk v. Village of Hillcrest* (1973), 15 Ill. App. 3d 415, 304 N.E.2d 452; *Village of Riverwoods v. County of Lake* (1968), 94 Ill. App. 2d 320, 237 N.E.2d 547.) Thus, ESD's failure to publish appropriate newspaper notice and notice of the date it filed the site location request rendered the county board hearing invalid for lack of jurisdiction.

In view of our disposition of this issue, it is unnecessary to address petitioners' further arguments.

Accordingly, the decisions of the Pollution Control Board and Kane County Board are vacated.

Vacated.

HOPF and LINDBERG, JJ., concur.