BROWNING-FERRIS INDUSTRIES OF ILLINOIS, INC., Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees (The City of Columbia *et al.*, Intervenors-Appellees).

Fifth District   No. 5—86—0292

Opinion filed November 18, 1987.

Fred C. Prillaman, of Mohan, Alewelt & Prillaman, of Springfield, for petitioner-appellant.

John Baricevic, State's Attorney, of Belleville, for respondent-appellee County of St. Clair.

Adams & Huetsch, of Columbia, for intervenor-appellee City of Columbia.

JUSTICE LEWIS delivered the opinion of the court:

The instant appeal involves the denial of local siting approval under section 39.2 of the Illinois Environmental Protection Act (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2) to the petitioner, Browning-Ferris Industries of Illinois, Inc. (BFI), by the county board of St. Clair County, Illinois (County). The County had denied BFI's request for approval to site a landfill in southern St. Clair County, and BFI had appealed this decision to the Illinois Pollution Control Board (Board), challenging the County's findings (1) that another landfill was not necessary to accommodate the waste needs of the area and (2) that the design of the proposed landfill would not minimize the impact on existing traffic flows. The Board declined to consider the merits of BFI's appeal but, rather, vacated the County's decision on the

grounds that BFI had failed to comply with prefiling notice requirements of the Act, thus depriving the County of jurisdiction to consider BFI's siting request. Upon direct appeal to this court from the Board's order (see Ill. Rev. Stat. 1987, ch. 111½, par. 1041), we affirm.

At issue are the notice requirements of section 39.2(b) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(b)), which are stated as follows, in pertinent part:

"(b) No later than 14 days prior to a request for location approval the applicant shall cause written notice of such request to be served either in person or by registered mail, return receipt requested, *** on the owners of all property within 250 feet *** of the subject property ***. ***

Such written notice shall also be *** published in a newspaper of general circulation published in the county in which the site is located."

On June 12, 1985, BFI mailed notices of its request for site location approval for a regional pollution control facility in southern St. Clair County to property owners within 250 feet of the proposed site. The notices were sent by registered mail, return receipt requested, to a total of 34 persons. Of these notices, 19 were received on June 13, three were received on June 14, two were received on June 18, and two were received on June 21. The other notices were either nondeliverable or were delivered but failed to show the date of receipt.

On that same date, BFI prepared and sent to the Belleville News Democrat, a newspaper of general circulation in St. Clair County, a similar notice of its request for site location approval for the proposed landfill. This notice was published by the newspaper on June 14, 1985. The published notice stated that BFI's application would be filed with the County on June 28, 1985. BFI subsequently filed its application for site location approval with the County on June 27, 1985.

Following a public hearing on BFI's site location request on September 24, 1985 (see Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(d)), the County denied BFI's request, stating as reasons for its denial that the proposed landfill "[was] not necessary to accommodate the waste needs of the area it [was] intended to serve" and that "the design of the facility [would] not minimize the impact on existing traffic flows" (see Ill. Rev. Stat. 1985, ch. 111½, pars. 1039.2(a)(i), (a)(vi)). BFI then filed an appeal with the Board from the County's decision, naming as respondents the County, as well as the City of Columbia, Illinois, and certain individuals who were opposed to the construction and operation of the proposed landfill (hereafter referred to collectively as

City), all of whom were admitted as intervenors in the Board proceeding. The City filed a cross-appeal from the County's decision, asserting that due to BFI's failure to comply with the notice requirements of section 39.2(b) of the Act, there had been no complete application over which the County could exercise jurisdiction and that its order was thus void.

In its written opinion entered on April 3, 1986, the Board first observed that BFI had filed its application with the County 13 days after newspaper publication of its notice of intent to file, rather than the 14 days required by statute. The Board found that the issue of the timeliness of notice provided by BFI was controlled by *Kane County Defenders, Inc. v. Pollution Control Board* (1985), 139 Ill. App. 3d 588, 487 N.E.2d 743, in which the court held that compliance with the notice directives of section 39.2(b) was jurisdictional. The Board stated that, given this holding of the *Kane County Defenders* court,

"the Board must find that even a one day failure of newspaper notice rendered BFI's application deficient, with the result that all proceedings before the County are voided."

While the Board additionally found that BFI's initiation of registered mail service on the fifteenth day in advance of the filing date was "unreasonable under the circumstances" and thus failed to come within the requirement that an applicant "cause written notice *** to be served" (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(b)) on neighboring landowners 14 days prior to a site location request, the Board concluded, based on the defective newspaper notice, that the County lacked jurisdiction to consider BFI's application for site location approval. The Board, accordingly, vacated the County's decision denying BFI's request. The Board noted that its ruling did not prevent refiling by BFI or resubmission of materials in the record in the event BFI chose to begin a new proceeding for site location approval. In a dissenting opinion, one member of the Board stated that he would have found a one-day deviation from the required filing period to be *de minimus*, in view of the fact that the statute had been amended since the *Kane County Defenders* decision and the public now had a longer period in which to prepare for and participate in the public hearing held on such an application.

On appeal BFI asserts that the Board erred in finding that the County lacked jurisdiction to consider and rule on BFI's request. BFI seeks to distinguish the instant case from the *Kane County Defenders* case, arguing that because the statute has been amended since the time of that decision to provide a longer comment period, the significance of the 14-day advance notice period has been substantially re-

duced and should not be so strictly applied. BFI argues further that the language of section 39.2(b) is ambiguous and does not clearly require that newspaper notice be given 14 days prior to the filing of a site location approval request or that an applicant wait 14 days after notifying landowners to file such a request. Finally, BFI asserts that in view of the inconsequential nature of its deviation from the 14-day prefiling notice requirement and the lack of prejudice resulting from that deviation, the County properly exercised its jurisdiction and the Board's order vacating its decision should be reversed.

In *Kane County Defenders*, referred to above, the court considered whether the county board had jurisdiction to hear a landfill site proposal under section 39.2 of the Act when the respondent had published notice of its site location request only one day before the request was filed. The court found that the respondent had violated the statutory notice requirements of section 39.2(b), stating explicitly that "the 14-day deadline in the first paragraph of section 39.2(b) applies to the second paragraph [dealing with newspaper publication] as well." (*Kane County Defenders, Inc. v. Pollution Control Board*, 139 Ill. App. 3d at 591, 487 N.E.2d at 745.) The court observed that the broad adjudicative power delegated to a county board to resolve technical issues such as the public health ramifications of a landfill's design reflected "a legislative understanding that the county board hearing, which presents the only opportunity for public comment on the proposed site, is the most critical stage of the landfill site approval process." (139 Ill. App. 3d at 593, 487 N.E.2d at 746.) The court continued:

> "We find support for this view also in the statutory notice requirements themselves, which are more demanding at the county board phase of the process. In view of the significance of this critical stage, we apply the reasoning of the *Illinois Power Co.* court [*Illinois Power Co. v. Pollution Control Board* (1985), 137 Ill. App. 3d 449, 484 N.E.2d 898], which recognized jurisdictional safeguards at the review stage of site approval proceedings, to the county board proceedings. The notice requirements contained in section 39.2(b) of the [Act] are jurisdictional prerequisites which must be followed in order to vest the county board with the power to hear a landfill proposal. [Citations.]" (139 Ill. App. 3d at 593, 487 N.E.2d at 746.)

The court held, therefore, that the respondent's failure to publish the appropriate newspaper notice of its site location request rendered the county board hearing invalid for lack of jurisdiction.

As BFI here points out, section 39.2 was amended subsequent to

the time of the *Kane County Defenders* proceeding to increase the time limits for a public hearing to be held on a site location request (see Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(d)) and for public comments to be filed subsequent to the hearing (see Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(c)). The mandatory prefiling notice requirements of section 39.2(b), however, were not changed and remained in effect at the time of the instant proceeding as at the time of the *Kane County Defenders* decision. Thus, while the extended time limits for public hearing and comment were applicable in the case at bar, BFI was still subject to the jurisdictional notice requirements prior to filing its request for site location approval. We note that the *Kane County Defenders* rule has been cited with approval in similar cases, both before and since the application of the statute as amended. See *Concerned Boone Citizens, Inc. v. M. I. G. Investments, Inc.* (1986), 144 Ill. App. 3d 334, 494 N.E.2d 180; *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, 492 N. E.2d 969; see also *McHenry County Landfill, Inc. v. Illinois Environmental Protection Agency* (1987), 154 Ill. App. 3d 89, 506 N.E.2d 372.

We find the reasoning of *Kane County Defenders* to be persuasive and, accordingly, follow the rule set forth in that decision. Like the *Kane County Defenders* court, we find the 14-day prefiling notice requirement stated in the first paragraph of section 39.2(b) to be applicable to the second paragraph concerning newspaper publication as well. (Accord *Concerned Boone Citizens, Inc. v. M. I. G. Investments, Inc.* (1986), 139 Ill. App. 3d 593, 487 N.E.2d 743.) Since the notice requirements of section 39.2(b) are jurisdictional, even the one-day deviation from the requirement of newspaper publication here was not *de minimus* but, rather, rendered the County without jurisdiction to consider BFI's request. (*Cf. Concerned Boone Citizens, Inc. v. M. I. G. Investments, Inc.* (1986), 139 Ill. App. 3d 593, 487 N.E.2d 743 (county board lacked jurisdiction to act on request filed 13 days after notice of request was published).) Similarly, because of the jurisdictional nature of these requirements, the County was without authority to hear BFI's request whether or not actual prejudice was shown to have resulted from BFI's failure to come within the statutory time limits.

Contrary to BFI's argument, we find no ambiguity in the statutory language that notice is to be given "[n]o later than 14 days prior to a request for location approval." (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(b).) The statute provides for a 14-day waiting period between the time of notice and the filing of a request and cannot be interpreted, as BFI argues, to mean that the request be filed *within* 14

days after notice is given. Because BFI here filed its request for site location approval 13 days after it published notice of such request, rather than the 14 days required by statute, its application was defective, and the County lacked jurisdiction to act on it. We, accordingly, affirm the Board's order vacating the County's decision.

Affirmed.

HARRISON and WELCH, JJ., concur.