DAUBS LANDFILL, INC., Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees.

Fifth District   No. 5—87—0198

Opinion filed February 19, 1988.

Immel, Zelle, Ogren, McClain, Germeraad & Costello, of Springfield (Thomas J. Immel, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (David G. Mueller, Special Assistant Attorney General, of Chicago, of counsel), for respondent Pollution Control Board.

JUSTICE LEWIS delivered the opinion of the court:

Petitioner, Daubs Landfill, Inc. (Daubs), appeals from an order of the Pollution Control Board (PCB) vacating the Wayne County Board's siting approval for a proposed landfill to be operated by petitioner. The PCB held that the Wayne County Board lacked jurisdiction to proceed because of a descriptive defect in the notice of request for site location approval which was prepared by Daubs, sent to adjoining landowners, and published in the Wayne County Press.

The sole question presented by this appeal is whether a defect in the legal description of the proposed landfill location invalidated an otherwise accurate narrative description of the property in the notice of request which was mailed to adjoining landowners and published in the local newspaper. We hold that notice was sufficient to vest the county board with jurisdiction.

■ Section 39.2(b) of the Environmental Protection Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(b)) sets forth the notice requirements which must be met before a county board can take action on a request for site location approval:

"No later than 14 days prior to a request for location ap-

proval the applicant shall cause written notice of such request to be served either in person or by registered mail, return receipt requested, on the owners of all property within the subject area not solely owned by the applicant, and on the owners of all property within 250 feet in each direction of the lot line of the subject property ***.

Such written notice shall also be served upon members of the General Assembly from the legislative district in which the proposed facility is located and shall be published in a newspaper of general circulation published in the county in which the site is located. Such notice shall state the name and address of the applicant, the location of the proposed site, the nature and size of the development, the nature of the activity proposed, the probable life of the proposed activity, the date when the request for site approval will be submitted to the county board, and a description of the right of persons to comment on such request as hereafter provided." (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(b).)

The notice requirements contained in section 39.2 of the Environmental Protection Act have been held to be jurisdictional prerequisites which must be followed in order to vest the county board with the power to hear a landfill proposal. (*Kane County Defenders, Inc. v. Pollution Control Board* (1985), 139 Ill. App. 3d 588, 487 N.E.2d 743; *Concerned Boone Citizens, Inc. v. M.I.G. Investments, Inc.* (1986), 144 Ill. App. 3d 334, 494 N.E.2d 180.) Substantial compliance with notice provisions has been held to be insufficient where the statutory provisions are not merely technical requirements, but are jurisdictional. *Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72; *M. L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677, 393 N.E.2d 663.

Section 39.2(b) requires that notice state, *inter alia,* "the location of the proposed site." (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(b).) It does not specifically require a legal description. In this case, none was needed to adequately describe the proposed site and thereby apprise adjacent landowners and concerned citizens of the location of the property. The narrative description referred to a 180-acre tract of land located:

"½ mile North of Illinois State Highway 15 West of Fairfield, Wayne County, Illinois, and approximately 2½ miles West of U.S. Highway 45 North of Fairfield, Wayne County, Illinois, and being approximately 2 miles West of the west city limits of the City of Fairfield, Wayne County, Illinois."

We believe the narrative description provided adequate notice of the proposed site location in this instance and, without reference to the legal description accompanying it, vested the county board with jurisdiction to proceed.

However, Daubs did include a legal description of the proposed landfill site along with the narrative description. The legal description contained an error (wrong township) which placed the location of the proposed site at least six miles north of the actual site.

The PCB, two members dissenting, held that the error in the legal description deprived the Wayne County Board of jurisdiction to act upon Daubs' site location request. Citing section 9 of "An Act to revise the law in relation to notices" (Act) (Ill. Rev. Stat. 1985, ch. 100, par. 8.1), a majority of the PCB held that the error in the legal description deprived the county board of jurisdiction to act on the landfill proposal. Section 9 states in pertinent part:

> "When any notice required by law sets forth the legal description of real property, the notice shall also designate the street address of the property, or, if there is no street address applicable to the property, shall describe the property with reference to location, ownership or occupancy or in some other manner that will reasonably identify the property to residents of the neighborhood. In the event of a conflict between the legal description and any other description required by this Section, the legal description shall control. No notice under this Section is invalid if the legal description is correct." Ill. Rev. Stat. 1985, ch. 100, par. 8.1.

■ The PCB, relying upon section 9 of the Act, reasoned that the inaccurate legal description in the notice took precedence over the accurate narrative description of the property. Since the inaccurate description controlled, notice was defective. Because notice requirements are jurisdictional in this context (*Kane County*, 139 Ill. App. 3d 588, 487 N.E.2d 743), and notice was defective, the PCB held that the county board lacked jurisdiction to act upon the landfill proposal. The PCB vacated the county board's site approval for the landfill.

We believe the PCB's reliance on section 9 of the Act is misplaced. The statute appears to be an attempt to ensure accuracy when describing a piece of property. Since a legal description in most cases can be more precise than a narrative description, the legal description controls where there is a question as to the boundaries of the property.

■■ In the instant case, however, we have a legal description which places the location of the property six miles away from the site

identified in the narrative description. Anyone attempting to locate the site would have noticed the discrepancy and realized that two different properties were described in the notice. A concerned citizen or adjoining landowner would not have disregarded the narrative description and relied solely upon the legal description. An interested party would have inquired into the location of both pieces of property. We do not believe that section 9 of the Act was meant to apply where two separate properties are identified by the legal and narrative descriptions. An act of the legislature should not be construed so as to lead to absurd consequences. In such a case, a construction will be adopted which it is reasonable to presume was contemplated by the legislature. (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415.) We do not believe that the legislature intended for the statute to be applied as the PCB has applied it in the instant case.

The narrative description accurately described the 180-acre tract of land under consideration as a landfill site. It was sufficient to apprise adjoining landowners and the general public of the location of the proposed site.

For the foregoing reasons, the order of the Pollution Control Board is reversed and the cause is remanded to the Board for further proceedings.

Reversed and remanded.

KARNS and WELCH, JJ., concur.