BRYAN K. GOREE *et al.*, Petitioners-Appellants, v. MICHAEL E. LAVELLE *et al.*, as members of the Chicago Board of Election Commissioners, *et al.*, Respondents-Appellees (Harry A. Cage, Jr., Intervenor and Respondent-Appellee).

First District (5th Division)   No. 87—0476

Opinion filed April 29, 1988.—Rehearing denied June 3, 1988.

Gary A. Weintraub, P.C., of Chicago, for appellants.

Daniel P. Madden, of Chicago, for appellee Harry A. Cage, Jr.

Michael Levinson, of Chicago, for other appellees.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by Bryan K. Goree and seven other voters (petitioners) of the 2nd precinct of the 5th ward of the city of Chicago from an order of a trial court denying petitioners' petition seeking to have a November 4, 1986, local option election set aside and voided.

On November 4, 1986, a referendum concerning the sale of alcoholic liquor at retail in the 2nd precinct of the 5th ward was conducted. The proposition put to the voters of the precinct was:

> "Shall the sale at retail of alcoholic liquor be prohibited in the Second Precinct of the 5th Ward of the City of Chicago."

On November 12, 1986, a canvas of the election return concerning the proposition was made. The canvas disclosed a vote of 227 voters in support of the proposition and 62 against it. On November 21, 1986, the petitioners, all registered voters of the 2nd precinct of the 5th ward, petitioned the trial court for a voiding of the election. The petition supported by affidavits alleged the following irregularities in the conduct of the election:

> (1) Shortly before the election the polling place for the holding of the election was changed to the Cage Memorial Chapel, located at 7661 S. Jeffrey Ave., Chicago, Illinois.

> (2) Notices of the election placed in the precinct indicated transportation to the chapel would be afforded by calling telephone No. 721-8900, the number of the Cage Chapel.

> (3) Prior to the election, meetings were held in the Cage Memorial Chapel concerning the proposition. The meetings were sponsored by those seeking passage of the referendum proposition.

(4) During the November 4, 1986, election proponents of the proposition engaged in illegal electioneering within the polling place and 100 feet thereof in violation of Illinois election law. Some of those engaged in the illegal electioneering were representatives of the chapel.

Harry A. Cage, Jr., intervened in the cause and filed a motion to strike and dismiss the petition. On January 16, 1987, the trial court granted the intervenor's motion to strike, dismissed the cause with prejudice and denied plaintiffs' request to amend their petition. The petitioners have appealed the order.

On appeal petitioners argued that the trial court erred in allowing the motion to strike and dismiss and in denying their request to amend their pleadings; they base this argument on charges: (1) that the election of November 4, 1986, was "not free and equal in violation of Article 3, section 3" as guaranteed by the Illinois Constitution of 1970; (2) that their petition contains allegations indicating that the complained-of activities were fraudulent; and (3) that the trial court erred in denying their request to amend their pleadings.

We reject the petitioners' contentions and charges and affirm the trial court.

■ First, with respect to plaintiffs' contention that the election was not free and equal and violated petitioners' right to a free and equal election, this charge lacks merit. The constitutional provision relating to a free and equal election (Ill. Const 1970, art. III, §3) does not guarantee an errorless election. All that the Constitution requires is that each voter have the right and opportunity to cast his or her vote without any restraint and that his or her vote have the same influence as the vote of any other voter. *People v. Deatherage* (1948), 401 Ill. 25, 37, 81 N.E.2d 419.

■ There is nothing in the record, briefs and argument that discloses that any voter in the 2nd precinct of the 5th ward did not know of the election, was denied the right to vote, suffered any restraint or whose vote had not the same influence as any other voter's voting on the proposition. The vote was 227 for the proposition and 62 against. This is a substantial vote in a precinct which ranks among the smallest election districts in the State. Thirty-three percent (33%) of the vote which was cast against the proposition is a percentage many of our presidential candidates claim victory within State primaries. Free and equal election in America does not require a "simon pure" election, free of "dirty tricks." All that is required appears to have been met in the November 4, 1986, election in the 2nd precinct when John Barleycorn was buried in Cage's Memorial

Chapel. The election did not violate constitutional rights.

■ With respect to petitioners' charges of fraud, the court on this record must reject those charges. The most serious of the charges in petitioners' petition is the charge that the election was tainted with electioneering tactics prohibited by the Illinois Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 17—29). This court has held the provisions of the Election Code relating to electioneering within or near the polling place to be directory only with respect to a referendum election and not serious enough to void the election. *Thomas v. Marcin* (1977), 51 Ill. App. 3d 82, 366 N.E.2d 416.

■ This court also has held that some other provisions of the Election Code are directory. A trial court cannot void an election for violations of such provisions of the Election Code. The irregularities complained of after an election must be of such magnitude that, if proved, would show that but for the irregularities, the election result would have been different, or that, if the irregularities were proved, would impose a duty on a court to void the election. (*McCaslin v. Moore* (1966), 67 Ill. App. 2d 355, 214 N.E.2d 18.) Petitioners' petition falls short of this requirement.

■ Finally, on this matter, pleadings in an election contest that charge violations of directory provisions of the Election Code rather than mandatory provisions, without alleging that the violations were fraudulent, are subject to dismissal. *Cummings v. Marcin* (1973), 16 Ill. App. 3d 18, 305 N.E.2d 606.

■ ■ Petitioners appear to recognize this principle by bolstering their charge of illegal election activities with allegations concerning the change of the polling place to the chapel, notices that free transportation would be given by telephoning to the chapel, preelection meetings by proponents in the chapel, and election day electioneering in and within 100 feet of the chapel in which the chapel representatives participated. Yet, nowhere does the petition allege that the polling place was fraudulently moved to the chapel, that potential voters who attended the preelection meeting were threatened if they did not vote for the proposition, paid to vote for the proposition, or otherwise influenced in a fraudulent manner.

The complaints concerning illegal electioneering in and about the chapel polling place on the election day do not indicate that any voter was threatened or paid for his or her votes or otherwise interfered with in casting their ballot. At best, the allegation creates an inference of fraud. Yet, fraud in Illinois is never presumed; it must be pleaded. (*Candlewick Lake Utilities Co. v. Quinones* (1980), 82 Ill. App. 3d 98, 402 N.E.2d 369.) It must be pleaded with specificity

and must apprise the opposite party of what they are called to answer. *Zickur v. Irmiger* (1973), 15 Ill. App. 3d 805, 304 N.E.2d 635.

Judged by these rather rigid pleading standards, the petitioners' petition must fail and the trial court properly dismissed it as a matter of law. The complaint does not allege fraud; at best, it alleges aggressive electioneering on an issue apparently important to the people of the 2nd precinct in the 5th ward.

■ In their final point, the petitioners suggest error in dismissing the action with prejudice and denying them leave to amend. Intervenor's motion to strike merely asserted that petitioners' petition was insufficient as a matter of law. It was a nonfactual motion filed pursuant to section 2—615 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Under our rules of procedure, pleadings are to be liberally construed with a view of doing substantial justice. (*Bilderback v. Trico Community Unit School District No. 176* (1973), 11 Ill. App. 3d 928, 297 N.E.2d 26.) The petition stricken, as indicated, asserted no fraudulent conduct in the election. Had petitioners asserted, either by way of a motion for leave to amend or motion for reconsideration, facts indicating or even inferring fraud, the trial court under our pleading practice would have no doubt allowed petitioners to amend their pleadings. They did not. Nor do they make allegations in this court suggesting fraud by the respondents or intervenor. In such situation, the trial court had no alternative but to dismiss the case with prejudice and deny leave to amend, nor do we have any alternative but to affirm the trial court. Accordingly, the trial court is affirmed.

Affirmed.

LORENZ, P.J., and SULLIVAN, J., concur.