THE COUNTY OF LA SALLE *ex rel.* GARY PETERLIN, State's Attorney of La Salle County, *et al.*, Plaintiffs-Appellees, *v.* MICHAEL M. MAUZY, Director, Illinois Environmental Protection Agency, *et al.*, Defendants-Appellants.— (WILMER BROCKMAN *et al.*, Defendants.)

Third District   Nos. 81-244, 81-191 cons.

Opinion filed July 27, 1981.

Thomas J. Immel, of Burditt & Immel, and Delbert Haschemeyer and William Seltzer, both of Illinois Environmental Protection Agency, both of Springfield, for appellants.

Gary L. Peterlin, State's Attorney, and Joseph Karaganis and Russell Eggert, both of O'Connor, Karaganis & Gail, Ltd., both of Ottawa, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County in favor of the plaintiffs, La Salle County and Rosemary Sinon, and against the defendants, Pioneer Development, Pioneer Processing, Inc., William Clark and Michael Mauzy, Director of the Illinois Environmental Protection Agency. The only issue before us is a procedural one and we do not express any opinion on the merits of the validity of the permit as that question is not before us. On July 1, 1980, Pioneer Development, Pioneer Processing, Inc., and William Clarke (Pioneer) filed an application with the Illinois Environmental Protection Agency (EPA) seeking a permit to construct a hazardous waste disposal site on a 177-acre site in La Salle County. After reviewing the application for technical adequacy, the EPA scheduled a public hearing in Ottawa on November 21 and 22 and gave public notice of the hearing. The public notice stated

that the day sessions were reserved for an adversary hearing where legal counsel or other registered representatives of Pioneer or an opposition group could present expert witnesses who were subject to cross-examination. In addition, written comments for the record could be submitted during the public hearing sessions and for 14 days after November 22.

La Salle County and Rosemary Sinon attended the public hearings. Counsel for Sinon entered a written appearance, cross-examined Pioneer's expert witness, offered his own expert witness, filed a brief objecting to the permit and, on December 12, submitted written testimony from his expert witness. Counsel for La Salle County did not enter a verbal or written appearance, although he did ask questions of Pioneer's expert witnesses.

On December 12, Pioneer made a written submission to the EPA. Pioneer described the submission as a rebuttal of various statements made by Sinon's expert witness plus statements responding to or clarifying questions and/or objections raised at the hearing. The plaintiffs describe it as several hundred additional pages of evidentiary material. A copy was sent to Sinon's attorney, but none was sent to La Salle County's attorney.

On December 22, the EPA issued a permit to Pioneer allowing the development of the site for hazardous waste disposal. The permit authorized only the construction of the site and specifically prohibited actual operation and disposal of hazardous waste on the site without application for and issuance of an operating permit. On January 26, 1981, the plaintiffs, along with seven other parties, filed a petition for review and revocation of the permit with the Illinois Pollution Control Board (Board). The appeal was filed pursuant to section 40(b) of the Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1040(b)), which provides that the appeal be based exclusively on the record before the EPA and places the burden of proof on the petitioner. The Board considered the petition, accepted the case, and entered an order setting a public hearing on the matter for April 6.

On March 20, plaintiffs filed suit in La Salle County seeking a declaratory judgment that the permit was void and asking for a preliminary injunction prohibiting the defendants from "undertaking, allowing or causing in any manner, directly or indirectly, any activity to develop a hazardous waste landfill" pursuant to the permit. The complaint alleged that the Administrative Procedures Act (APA) (Ill. Rev. Stat. 1979, ch. 127, pars. 1001-1021) applied to the November 21-22 hearing held by the EPA, that the provisions of the APA were violated and that therefore the permit was void. Specifically, the plaintiffs alleged that they were parties as defined in the APA and had standing to raise issues of its violation, that Pioneer's December 12 submission was an ex parte consultation as defined in the APA, that the APA gave the plaintiffs the right to cross-

examine and rebut the submission, that they were denied those rights, that the EPA failed to make findings of fact and law required by the APA and that the procedures followed denied them due process of law. On March 25, 1981, Pioneer filed an answer denying all the allegations.

On the same day a hearing was held on the motion for a preliminary injunction. After hearing arguments by counsel, the court granted a preliminary injunction. Among other things, the court found that the APA was applicable, that plaintiff's due process rights were violated, and that because of the APA violations, the permit was void. Defendants moved to vacate the order or, in the alternative, for a stay. Following a hearing on April 6, the motion was denied and plaintiffs' motion to enforce the preliminary injunction was granted.

■■ On appeal, the defendants raise five issues. The first issue is whether the circuit court should have dismissed plaintiffs' complaint because the plaintiffs failed to exhaust their administrative remedies and that therefore plaintiffs' complaint should have been dismissed. We agree.

Section 40(b) of the Environmental Protection Act states that if the EPA grants a permit to develop a hazardous waste disposal site, a third party may petition the Board within 35 days for a hearing. Plaintiffs initiated the Board proceedings as mandated by the statute. However, seven weeks after the proceedings were initiated and approximately two weeks before the scheduled Board hearing could take place, plaintiffs filed the instant complaint seeking injunctive relief. The Board did not have a chance to rule on any of the plaintiffs' claims. Therefore, it is clear that the plaintiffs did not exhaust their administrative remedies.

The question thus arises as to whether the plaintiffs need exhaust these remedies or whether they fall within an exception to the rule. Plaintiffs contend they did not have to exhaust their administrative remedies because to have done so would have been futile. Plaintiffs argue that they are alleging a violation of their constitutional right to due process and that the Board lacks jurisdiction to decide that question. Therefore, exhausting their administrative remedies would be futile.

An analogous issue was addressed in *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 379 N.E.2d 349. In that case, the Village of South Elgin and the Kane County state's attorney filed suit in circuit court asking for a declaratory judgment that a landfill developmental permit was void and seeking to enjoin the permit holder from taking action under the permit. The plaintiffs had filed a challenge to the issuance of the permit, and the Board had not yet ruled on the appeal. The plaintiffs alleged lack of equal protection, denial of due process and the lack of an adequate administrative remedy. The trial court dismissed the suit for failure to exhaust administrative remedies before the Board. The appellate court affirmed and, in dealing with the

issue of the alleged constitutional violations, stated "while it is true that those who seek relief from a statute on the ground that it is void in its entirety are not obliged to pursue the machinery of the statute itself for their remedy, this exception to the exhaustion doctrine can have no application where, as here, it is not contended that the statute (*i.e.*, The Environmental Protection Act) is unconstitutional in its entirety, but merely that one provision of the statute is unconstitutional as applied to plaintiffs * * *." 62 Ill. App. 3d 815, 822, 379 N.E.2d 349, 355. See also *Bulk Terminals Co. v. Environmental Protection Agency* (1976), 65 Ill. 2d 31, 357 N.E.2d 430.

■■ The case at bar is similar to *South Elgin* in that the plaintiffs are not challenging the constitutionality of the entire statutory scheme. They claim that their constitutional right to due process has been violated because the provisions in the statute were not correctly applied to them. While this is not the same as claiming that the statute is unconstitutional as applied, we believe it is so similar as to require the same result as in *South Elgin*. Therefore, the plaintiffs' claim of unconstitutionality does not exempt them from the requirement of exhausting their administrative remedies.

Plaintiffs alternatively contend that there was no need to exhaust their administrative remedies because there was a clear violation of legal duty on the part of the EPA. However, we do not find any clear-cut violation of the statute that would place plaintiffs in that situation.

Finally, plaintiffs claim that the EPA waived the issue of exhaustion of remedies because the EPA did not raise the issue at the trial level. The problem with this argument is that Pioneer did not waive its rights. The EPA's failure to raise an issue cannot waive Pioneer's right to raise it. Therefore, we find no waiver.

In summation, we do not find any applicable exception to the exhaustion of remedies doctrine. Because of our holding on this issue, we need not reach the other issues raised on appeal. Since the plaintiffs failed to exhaust their administrative remedies, their complaint should have been dismissed in the circuit court. Accordingly, the judgment of the circuit court of La Salle County is reversed, and the preliminary injunction is dissolved.

Judgment reversed and preliminary injunction dissolved.

ALLOY and HEIPLE, JJ., concur.