THE VILLAGE OF LAKE IN THE HILLS *et al.*, Plaintiffs-Appellees, v. LAIDLAW WASTE SYSTEMS, INC., *et al.*, Defendants-Appellants.

Second District No. 85—0984

Opinion filed May 5, 1986.

James F. Bishop and Perry G. Callas, both of Bishop & Callas, of Crystal Lake, for appellants.

Andrew T. Freund and Richard G. Flood, both of Zukowski, Rogers & Flood, of Crystal Lake, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

In this interlocutory appeal defendant, Laidlaw Waste Systems, Inc., seeks to vacate a preliminary injunction which was issued by the circuit court of McHenry County on the petition of plaintiffs, village of Lake in the Hills and village of Algonquin. The writ issued against Laidlaw and defendants County of McHenry, the McHenry County Board, the Regional Pollution Control Board Facility Siting Committee of the county board and its chairman, officers, agents and attorneys, enjoining them from conducting further hearings on an application made by Laidlaw to the county board for site approval of a proposed sanitary landfill.

Laidlaw contends that (1) the plaintiff villages have no right or interest in the matter which is protectable by injunction and failed to exhaust their administrative remedies; (2) the trial court erred in ruling that notice requirements of the statutory landfill siting process are jurisdictional; and (3) those notice requirements were met.

This litigation arose after Laidlaw sought approval from the county board of a site location for a solid waste landfill pursuant to the requirements of section 39.2 of the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1039.2). The site in issue is located in unincorporated territory between the villages of Lake in the Hills and Algonquin and is not within the corporate limits of either municipality. Lake in the Hills owns property within 250 feet of the proposed site and was thereby entitled to, and did, receive notice of Laidlaw's site-approval application under section 39.2(b) of the Environmental Protection Act. Algonquin owned no similarly located property.

On July 19, 1985, and other dates, Laidlaw purported to give notice by registered mail and by newspaper publications in compliance with the requirements of sections 39.2(b) and (d) of the Environmental Protection Act and, on August 5, 1985, filed its application for site approval with the county board of McHenry County. On September 11 the villages filed objections with the county board to commencement of hearings and requested that Laidlaw's application be stricken. The objections consisted of alleged defects in the notices given to property owners and others as required by sections 39.2(b) and (d) of the Environmental Protection Act and was supported by a memorandum by counsel for the villages specifying the claimed deficiencies. Laidlaw filed a written response to the villages' request in which it stated, *in-*

*ter alia*, that the villages had no protected interest in the approval of a landfill site on property owned by another and lacked standing to file pleadings or motions to dismiss at that stage. Laidlaw asserted it was for the county board to decide after the hearing whether the requirements of the statute had been met. The villages filed a reply in which they stated they had standing to object to the commencement of a hearing of the site application as their objection was based upon the jurisdictional grounds of the allegedly defective notice given of Laidlaw's application and the hearing of it by the county board. The villages did not suggest they were not given actual notice of the hearing nor did they otherwise respond to the standing issue raised by Laidlaw.

The hearing officer for the county board considered the objections and response and denied the villages' request to dismiss the application. He concluded that the county board lacked authority to stop commencement of the hearing as the statute requires that an applicant be given a hearing and decision.

Hearings on Laidlaw's application commenced on November 6, 1985, before the Regional Pollution Control Board Facility Siting Committee of the county board and were conducted at continued dates for approximately eight days. On November 27, before conclusion of the hearings or decision by the county board, plaintiff villages commenced this action in the circuit court for declaratory judgment, *mandamus* and injunctive relief against Laidlaw and the other defendants on grounds the notice and publication requirements of the statute were jurisdictional and were not met in certain specified particulars. Plaintiffs sought declaration the hearings being conducted by the county board committee were void for lack of jurisdiction and should be enjoined. In their complaint, plaintiffs alleged that both villages were located within 1½ miles of the proposed landfill site and that Lake in the Hills owned property within 250 feet of it. Plaintiff villages further alleged, in requesting injunctive relief, that they would suffer irreparable harm by further participation in the allegedly void hearings as that would cause plaintiffs to lose substantial sums of money in protecting their rights. The nature of the villages' rights in this matter were not described in the complaint. Plaintiffs also alleged that they were without adequate remedy at law as no measure of damages could compensate for the monies spent by having to participate in void hearings. For relief by *mandamus*, plaintiffs sought orders, on the same grounds, directing the county board to stop the hearing of Laidlaw's application for site approval and dismiss it for lack of jurisdiction because of the alleged defects in the notice given.

Defendant Laidlaw responded in an answer which, *inter alia,* denied the notice given was defective, as alleged by plaintiffs, or that the county board lacked jurisdiction to consider the landfill application. Defendant also requested that plaintiffs' prayer for injunctive relief be denied, alleging that plaintiffs had an adequate remedy at law through appeal of any county board decision to the Pollution Control board and have thus failed to exhaust their administrative remedies. Defendant further denied that plaintiffs would suffer immediate and irreparable harm as a result of the hearings in progress or lose sums of money by participation in the hearings as plaintiffs had failed to identify a property right entitling them to injunctive relief. Defendant characterized the villages as unnecessary parties to the proceedings before the county board and as voluntary participants therein. In further response to plaintiffs' motion for a temporary restraining order, Laidlaw alleged, *inter alia,* that plaintiffs did not have a right to injunctive protection and, in a supporting memorandum, argued that the question of site approval of a proposed landfill which is neither on property owned by a village nor within its corporate limits does not give rise to a constitutionally protected interest of the villages in the approval of the site for a landfill.

At a hearing on plaintiffs' petition for preliminary injunction, the parties stipulated to facts relating to notices given and publications made by Laidlaw prior to commencement of the hearings before the county board committee and heard testimony from the president of the village of Lake in the Hills. She stated that the village was participating in the site approval hearing before the county board and had employed attorneys and expert witnesses for that purpose. The witness estimated the cost of such participation to be $90,000, which was being shared by the village of Algonquin and a coalition composed of a group of people in the area. In argument, Laidlaw's attorney asserted the villages had no standing in this case, and we do not find in the record of that hearing any responsive argument by the attorney for the villages directed to that issue. After arguments by counsel, the trial court, without specifying its nature, found that the villages of Lake in the Hills and Algonquin had a right to be protected and that participation in a void proceeding could cause irreparable harm without an adequate remedy at law. The court also made findings that due process required that actual notice be given to property owners as set forth in section 39.2(b) of the Environmental Protection Act; that the notice provisions of the Act are jurisdictional and plaintiffs need not exhaust their administrative remedies; that plaintiffs had shown a substantial likelihood of success on final hearing of this mat-

ter, and have otherwise met the criteria for a preliminary injunction. The preliminary injunction issued and Laidlaw brings this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)).

In its brief in this court Laidlaw contends, *inter alia*, that the plaintiff villages have no protected interest in the approval of this landfill site by the county board requiring in injunctive relief, citing *E & E Hauling, Inc. v. Pollution Control Board* (1983), 116 Ill. App. 3d 586, 451 N.E.2d 555, *aff'd* (1985), 107 Ill. 2d 33, 481 N.E.2d 664, and *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 379 N.E.2d 349, *appeal denied* (1978), 71 Ill. 2d 621. Laidlaw argues that the process for siting, permitting and regulating a landfill is provided for in a comprehensive statutory plan within the Environmental Protection Act of which site approval by the county board is but the first administrative step. It asserts that as the decision of the county board can be appealed to the Pollution Control Board and its decision to the appellate court, there is no threat of irreparable harm to plaintiffs. Laidlaw also asserts that as the villages are voluntary parties in this matter, expenditure of funds for attorney's fees by them is not an injury protectable by preliminary injunction.

The plaintiff villages do not directly respond in their brief to the "standing" arguments made by Laidlaw, but contend that the alleged failure of Laidlaw to comply with the notice requirements of section 39.2 of the Environmental Protection Act denies jurisdiction to the county board to hear Laidlaw's site-location application. Plaintiffs argue that all property owners within a 250 foot radius of the proposed site have a statutory right to notice of Laidlaw's request for site approval pursuant to section 39.2 of the Environmental Protection Act and that requirement is jurisdictional, citing, *e.g.*, *E & E Hauling, Inc. v. Pollution Control Board* (1983), 116 Ill. App. 3d 586, 451 N.E.2d 555, *aff'd* (1985), 107 Ill. 2d 33, 481 N.E.2d 664, and *Kane County Defenders, Inc. v. Pollution Control Board* (1985), 139 Ill. App. 3d 588, 487 N.E.2d 743, *appeal denied* (1986), 111 Ill. 2d 33. Plaintiff villages conclude they need not exhaust their administrative remedies and that they have no adequate remedy at law for irreparable injury caused by attendance at void hearings at which they would expend approximately $90,000 for fees of attorneys and expert witnesses.

After oral argument of this case, plaintiff villages have filed a motion for leave to file instanter a supplemental memorandum on grounds that the issue of plaintiffs' standing to bring this action had

not been raised prior to oral argument and had not been ruled upon by the trial court. In view of the matters clearly shown by the record of this case, to which we have referred, plaintiffs' untimely motion should be denied; however, because of the unusual question presented we allow plaintiffs' motion and consider the additional authority and argument there offered.

In their supplemental brief, the villages argue that as Lake in the Hills owns property within 250 feet of the proposed landfill and as both villages are "members" of the county in which it is proposed to be located, the villages are entitled to proper notice under section 39.2(b) of the Environmental Protection Act. Asserting that the notice given by Laidlaw was defective in both service and content, the villages contend they have standing to contest Laidlaw's violation of the notice provisions of the Act, which are jurisdictional. In support of their additional argument, plaintiffs cite *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 359 N.E.2d 1136, and *E & E Hauling, Inc. v. Pollution Control Board* (1983), 116 Ill. App. 3d 586, 451 N.E.2d 555, *aff'd* (1985), 107 Ill. 2d 33, 481 N.E.2d 664.

■■ ■ A party requesting a preliminary injunction must show: (1) that he possesses a clearly ascertainable right or interest which needs protection; (2) that he will suffer irreparable injury without protection; (3) that there is no adequate remedy at law; (4) that there is a substantial likelihood of success on the merits; and (5) that in absence of preliminary relief, he will suffer greater harm without the injunction than defendant will suffer if it is issued. (*People ex rel. Hartigan v. Stianos* (1985), 131 Ill. App. 3d 575, 579, 475 N.E.2d 1024; *Carillo v. Jam Productions, Ltd.* (1982), 108 Ill. App. 3d 126, 131, 438 N.E.2d 1197; *Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 1130, 432 N.E.2d 298.) A complaint for preliminary injunction must plead facts which clearly establish a right to injunctive relief and allegations consisting of mere opinion, conclusion or belief are not sufficient to support issuance of the writ. (*Carillo v. Jam Productions, Ltd.* (1982), 108 Ill. App. 3d 126, 131, 438 N.E.2d 1197; *Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 406, 357 N.E.2d 211.) It has also been held that a reviewing court will not reach the merits in an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)) as the only justiciable issue is whether the trial court properly granted the preliminary injunction. A reviewing court will determine, however, whether the trial court had a discretionary right to issue the preliminary injunction and whether the complaint was sufficient to sustain it. *Dock Club, Inc. v. Illinois Liquor Control Com.* (1980), 83 Ill. App. 3d 1034, 1039, 404

N.E.2d 1050; *Glen Ellyn Savings & Loan Association v. Tsoumas* (1976), 41 Ill. App. 3d 292, 294, 354 N.E.2d 53.

■ As the concept of standing relates to a preliminary injunction, it requires a plaintiff to establish that he has a clearly ascertainable right or interest which needs protection. Generally, the doctrine of standing makes it necessary for a party seeking such relief to allege an injury in fact to some substantive interest he possesses which is recognized by statute or common law. (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 254, 483 N.E.2d 1263; *Hill v. Butler* (1982), 107 Ill. App. 3d 721, 725, 437 N.E.2d 1307, *appeal denied* (1982), 91 Ill. 2d 569; *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 747-48, 359 N.E.2d 1136.) He must allege a direct injury to his property or rights and not merely that he will suffer in some abstract way, so that only actual controversies will be brought before the court. (*Chicago Park District v. City of Chicago* (1984), 127 Ill. App. 3d 215, 218, 468 N.E.2d 1261, *appeal allowed* (1984), 101 Ill. 2d 581; *Briarcliffe West Townhouse Owners Association v. Wiseman Construction Co.* (1983), 118 Ill. App. 3d 163, 167-68, 454 N.E.2d 363.) The doctrine is designed to insure that the courts are accessible to resolve actual controversies between parties and not address abstract questions, moot issues, or cases brought on behalf of others who may not desire judicial aid. (*Illinois Municipal League v. Illinois State Labor Relations Board* (1986), 140 Ill. App. 3d 592, 598, 488 N.E.2d 1040; *Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253, 371 N.E.2d 881.) The courts are reluctant to grant the exceptional remedy of injunction except where a certain and clearly ascertainable legal right has been established. *In re Marriage of Sherwin* (1984), 123 Ill. App. 3d 748, 753, 463 N.E.2d 755.

The plaintiff villages contend they have standing to seek relief by preliminary injunction as members of the class designed to be protected by the notice and hearing provisions of sections 39.2(b) and (d) of the Environmental Protection Act (Ill. Rev. Stat. 1985, ch. 111½, pars. 1039.2(b), (d)). The statute provides that certain notice of a request for landfill location approval must be given to owners of property located within 250 feet of the subject property, and to others, and also that notice of the public hearing of such request be inserted in a newspaper published within the county of the proposed site. The villages note that both are situated in the county in which the landfill is proposed to be located, that Lake in the Hills owns property within 250 feet of the site and, on that basis, assert they have standing to contest Laidlaw's alleged violation of the notice provisions of the Environmental Protection Act.

Standing, however, requires injury to a legally recognized interest. (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 254, 483 N.E.2d 1263.) The plaintiff villages do not claim they lacked actual notice of the site approval proceedings and, in fact, they participated in the aborted hearings before the county board. The villages do not own the subject property nor is it located within or adjacent to the municipal boundaries of either village or adjacent to property owned by them. Plaintiffs premise their right or interest requiring protection by preliminary injunction solely upon the status of Lake in the Hills as an owner of other property located within the notice range of the statute and their status as a part of McHenry County. In *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 359 N.E.2d 1136, the court described the doctrine of standing for purposes of injunctive relief as requiring an allegation of injury in fact to a substantive, legally protected interest of a party which is a right or interest either recognized by common law or created by statute. (45 Ill. App. 3d 743, 747-48, 359 N.E.2d 1136.) It stated:

"Where the suit alleges injury due to violation of a statute, the doctrine of standing requires that the plaintiff be one of the class designed to be protected by the statute, or for whose benefit the statute was enacted, and to whom a duty of compliance is owed. [Citations.] The object of the statute, the nature of the duty imposed by it, and the benefits resulting from its performance dictate what persons are entitled to sue thereunder." 45 Ill. App. 3d 743, 748, 359 N.E.2d 1136.

■ We do not consider, as suggested by plaintiff villages' argument, that the legislature intended by the notice provisions of section 39.2 of the Environmental Protection Act to give to third parties, such as plaintiffs, a right or interest sufficient to support the preliminary injunction issued in this case. In *E & E Hauling, Inc. v. Pollution Control Board* (1983), 116 Ill. App. 3d 586, 451 N.E.2d 555, *aff'd* (1985), 107 Ill. 2d 33, 481 N.E.2d 664, this court considered the notice and hearing provisions of section 39.2 of the Act and concluded they do not create a property right where none previously existed or bring citizens of a village within the protections of due process. The court stated:

"[D]ecisions on the siting of proposed landfills are essentially matters of public policy, not specific benefits that State law has conferred on individuals. [Citations.]" (116 Ill. App. 3d 586, 595, 451 N.E.2d 555.)

The court also noted that, as a creature of the legislature, a village has no constitutional due process rights against the State. 116 Ill.

App. 3d 586, 595, 451 N.E.2d 555; see *Village of Riverwoods v. Department of Transportation* (1979), 77 Ill. 2d 130, 136, 395 N.E.2d 555; *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 559, 387 N.E.2d 258.

Nor will the fact that the villages are within the class entitled to notice under the statute or to participate in the site request hearing be considered sufficient, in itself, to give the villages standing for a preliminary injunction. (We note in this context that such class here extends to property owners within 250 feet of the proposed site and also, presumably, to "any person" wishing to file written comment on the proposal or attend the public hearing (see Ill. Rev. Stat. 1985, ch. 111½, pars. 1039.2(c), (d)).) In *County of Cook v. Priester* (1976), 62 Ill. 2d 357, 342 N.E.2d 41, it was determined that the village of Wheeling lacked standing for injunctive relief against extension of use of an airport which was outside its corporate boundaries. Although a statute permitted such relief to any affected person, the village failed to show that the value or use of its property was affected by such use. (62 Ill. 2d 357, 370, 342 N.E.2d 41.) In *222 East Chestnut Street Corp. v. Board of Appeals* (1956), 10 Ill. 2d 132, 139 N.E.2d 218, *cert. denied* (1957), 353 U.S. 984, 1 L. Ed. 2d 1143, 77 S. Ct. 1284, it was held that a nearby property owner lacked standing to challenge a proposed zoning variation, although a statute provided that any property owner in the zoning district could bring an action to prevent violation of the zoning ordinance, absent evidence of injury to plaintiff's property.

 In the present case, plaintiff villages do not own the subject property nor have they alleged or proven any special damages they might suffer to a property interest they possess and thus lack standing for injunctive relief.

Plaintiffs have argued, too, that by being required to participate in the site-approval proceedings they will expend $90,000 for attorney's fees and expert witnesses for which they could not recover. Insofar as this argument is directed towards plaintiffs' right to preliminary injunction to relieve them from expenditure of money in a claimed defective hearing, we note that plaintiffs are not required to so participate. Section 39.2(c) permits any person, including plaintiffs, to file written comment with the county board concerning the appropriateness of the proposed site for landfill purposes and section 39.2(d) would permit plaintiffs, or anyone else, to attend a public hearing of the question, but the Environmental Protection Act does not require them to do so or to expend any funds. In any event, such expenditures could not be considered in determining whether plain-

tiffs' interest was sufficient to maintain standing for the relief here sought. See *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 51, 177 N.E.2d 191.

We conclude plaintiffs have not shown by either allegation in their complaint or by proof that they possess any recognized right or interest for which they would be entitled to the protection of a preliminary injunction, and it must be vacated.

Although we find the standing factor to be dispositive, we consider briefly the remaining elements necessary for preliminary injunctive relief under the pleadings and evidence in this case.

The only injury alleged or shown by the record which plaintiffs claim they will suffer without the preliminary injunction is the expenditure of funds for fees earlier discussed. As participation in the hearings is voluntary on the part of plaintiffs, they have failed to show irreparable injury requiring this relief. Nor could it be argued that plaintiffs are acting in some representative capacity for other interested or affected parties who may sustain injury as plaintiffs lack standing to argue injury to the public in general. *Eagle Books, Inc. v. Jones* (1985), 130 Ill. App. 3d 407, 416, 474 N.E.2d 444.

■ It is also apparent plaintiffs have an adequate remedy at law. The Environmental Protection Act offers a comprehensive procedure for appeal of any site location decision of the county board to the Pollution Control Board and thence for judicial review. (See Ill. Rev. Stat. 1985, ch. 111½, pars. 1039.2(d), 1040.1(a),(b), 1041.) Section 39.2(g) of the Act provides that "[t]he siting approval, procedures, criteria and appeal procedures provided for in this Act for new regional pollution control facilities shall be the exclusive siting procedures and rules and appeal procedures for such facilities. Local zoning or other local land use requirements shall not be applicable to such siting decisions." (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(g).) Plaintiffs have failed to allow application of their administrative remedies as they sought and secured the preliminary injunction before giving the county board an opportunity to consider the claim the board lacked jurisdiction which the hearing officer had determined must be decided after the hearing. See *County of La Salle ex rel. Peterlin v. Mauzy* (1981), 98 Ill. App. 3d 615, 617-18, 424 N.E.2d 857; *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 821-22, 379 N.E.2d 349, *appeal denied* (1978), 71 Ill. 2d 621.

■ In considering whether there is a substantial likelihood of success on the merits for the limited purposes of this interlocutory appeal, we note that the notice requirements of section 39.2(b) of the Environmental Protection Act are jurisdictional. (*Kane County De-*

*fenders, Inc. v. Pollution Control Board* (1985), 139 Ill. App. 3d 588, 593, 487 N.E.2d 918, *appeal denied* (1986), 111 Ill. 2d 33; see *Illinois Power Co. v. Illinois Pollution Control Board* (1985), 137 Ill. App. 3d 449, 452, 484 N.E.2d 898, *appeal denied* (1986), 111 Ill. 2d 32.) In these cases, the notice deficiencies considered were sufficient to render invalid a site location decision of a county board and also to divest the Pollution Control Board of jurisdiction to review a decision of the Illinois Environmental Protection Agency. Plaintiff villages have alleged that the notices given by Laidlaw failed to comply with the requirements of the statute, but as we have determined plaintiffs lack standing to complain, they could not prevail on the merits regardless of whether there is any validity to their arguments. For the same reasons, plaintiffs cannot be said to risk suffering greater harm without the preliminary injunction than defendants will suffer if it is issued.

The motion by plaintiffs to strike portions of the record, and defendants' response thereto, were taken with the case, and the motion is now denied.

Accordingly, the order for issuance of the preliminary injunction will be reversed and the cause remanded with directions to vacate the writ and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.