NOTICE
Decision filed 02/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241253-U

NO. 5-24-1253

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CRYSTAL R. CRITES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 22-CH-12 |
| | ) | |
| DALTON LEE VOJVODICH and | ) | |
| HANNAH KAY EVANS, | ) | Honorable |
| | ) | Carey C. Gill, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Cates and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the trial court's order dismissing Crystal R. Crites' complaint was legally correct because Crites lacked standing to seek injunctive relief and the restrictive covenants did not apply to the plat in which Crites and the defendants, Dalton Lee Vojvodich and Hannah Kay Evans, owned lots, we affirm.

¶ 2    Crystal R. Crites (Crites) owns a home on two lots in a Williamson County residential subdivision. The subdivision is divided into two plats—Blackberry Hills and Blackberry Hills Second Plat. Dalton Lee Vojvodich (Vojvodich) and Hannah Kay Evans (Evans) purchased a lot directly across the street from Crites and planned to have a trailer/mobile home constructed on the lot. Both of Crites' lots and the lot owned by Vojvodich and Evans are part of Blackberry Hills Second Plat. Two days after the first plat—Blackberry Hills—was filed and recorded by the Williamson County Recorder of Deeds, the original developers filed restrictive covenants

1

applicable to Blackberry Hills. The restrictive covenants do not allow the construction or installation of a trailer/mobile home on a Blackberry Hills lot. Later, the developers filed the plat for Blackberry Hills Second Plat. The developers never amended the restrictive covenants after the Blackberry Hills Second Plat was recorded, nor do those original covenants reference a planned second development.

¶ 3    At issue in this case is whether Crites had standing to seek injunctive relief against Vojvodich and Evans, and whether the restrictive covenants are applicable to both the original and second plats. Crites filed her complaint seeking injunctive relief to prevent the defendants from building a trailer/mobile home on their lot. After multiple amendments to the complaint, the trial court granted a motion to dismiss filed by Vojvodich and Evans, concluding that Crites did not have standing to seek injunctive relief and the restrictive covenants did not cover Blackberry Hills Second Plat. For the following reasons, we affirm the trial court's dismissal of Crites' complaint.

¶ 4                                          I. BACKGROUND

¶ 5    Crites appeals from the trial court's order dismissing her Fourth Amended Complaint with prejudice. The original subdivision—Blackberry Hills[1]—contained 10 lots, and the plat was recorded on March 7, 1977. On March 9, 1977, a Declaration of Restrictive Covenants for Blackberry Hills was recorded with the Williamson County Recorder of Deeds.

¶ 6    The Declaration of Restrictive Covenants recorded in Williamson County on or about March 9, 1977, specifically only referenced lots 1-10 and states:

>    "LESLIE MEREDITH, WALTER E. PHILLIPS and GEORGIANNA PHILLIPS,
>    hereby certify that they are the legal title owners of the premises described as:

---

[1]This plat was simply labeled and recorded as "Blackberry Hills."

A part of the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) of

Section Six (6) Township 10 (10) South, Range Three (3) East of the Third

Principal Meridian,

In the County of Williamson and State of Illinois, known as 'BLACKBERRY HILLS'.

* * *

All deeds or other conveyances of any part of said lands and premises hereafter to be made, referring to any map or plat of the premises herein described shall be subject to the following protective covenants, which shall be incorporated therein by reference:

These Covenants are to run with the land and shall be binding on all parties and all persons claiming under them ***.

If the parties hereto, or any of them, or their heirs or assigns, shall violate, or attempt to violate, any of the Covenants herein it shall be lawful for any other person or persons owning any real property situated in said Subdivision to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such Covenant and either to prevent him or them from a doing or to recover damages or other dues for such violation.

Invalidation of any one of these Covenants by judgment or court order shall in no wise [sic] affect any of the other provisions which shall remain in full force and effect.

* * *

2. No trailer *** erected in the Subdivision shall at any time be used as a resident [*sic*] temporarily or permanently, nor shall any structures of a temporary character be used as a residence."

¶ 7     The above-quoted Declaration of Restrictive Covenants specifically referenced the March 7, 1977, Blackberry Hills plat by plat record and page number. Thereafter, on September 2, 1977, the Blackberry Hills Second Plat[2] was recorded, and consisted of lots 11-23. The record on appeal does not contain any additional restrictive covenants or documents filed and recorded in Williamson County that apply to the Blackberry Hills Second Plat. Moreover, the March 9, 1977, Declaration of Restrictive Covenants made no reference to a potential additional plat or otherwise indicated that any future developments would be subject to the restrictive covenants.

¶ 8     On November 21, 2014, Crites purchased lots 13 and 14 in the Blackberry Hills Second Plat. On March 21, 2022, Dalton Lee Vojvodich and Hannah Kay Evans (Vojvodich and Evans) purchased lot 21 in the Blackberry Hills Second Plat. Crites lives in a traditional constructed house on lots 13 and 14. After purchasing lot 21, Vojvodich and Evans intended to construct or install a trailer/mobile home on their lot.

¶ 9     On May 22, 2022, Crites filed her complaint seeking injunctive relief against Vojvodich and Evans after learning that they intended to install a trailer/mobile home on lot 21. She asked the trial court to enjoin Vojvodich and Evans from installing a single-wide mobile home on Lot 21. As the case proceeded, Vojvodich and Evans filed multiple motions to dismiss, and Crites filed several amended complaints.

¶ 10    On June 20, 2024, Crites filed her fourth amended complaint. Vojvodich and Evans filed their motion to dismiss on July 8, 2024. The trial court issued its order granting the motion to dismiss the fourth amended complaint with prejudice on November 1, 2024, stating:

> "The basis for this ruling is that after having considered all of the exhibits and arguments and case law, the filings, the pleadings, the responses thereto, that the covenants

---

[2]This plat was labeled and recorded as "Blackberry Hills Second Plat."

that are applicable to the properties in this Blackberry Hills Subdivision that were filed ***

they are the recorded covenants and they—they identify the properties that they are

applicable to as those on the plat filed in the Williamson County Recorder of Deeds Office

***. The covenants did not reserve the right itself to add additional properties to the

covenants or what process would put the purchasers of new lots on notice that they were

subject to the covenants for the first ten lots. Therefore, my ruling is that the covenants

relate to Lots 1 through 10 and can be enforced by the persons owning real property of Lots

1 through 10. The plaintiff owns Lots 13 and 14, and the ownership of [those] lot[s] does

not give her standing or jurisdiction to enforce the covenants. Further, the defendants own

Lot 21, and their ownership of Lot 21 is not bound by the covenants as they did not

purchase the property with notice of their property that their lot would be subject to the

covenants and there is no jurisdiction to enforce the covenants against them.

* * *

I'm going to note that I have considered Plaintiff's argument that the second plat

recorded adding Lots 11 through 23 by inference and [Crites'] argument that that would

have the legal effect of attaching the language of the restricted covenants to those additional

lots. I've noted [Crites'] argument, but I do not find sufficient legal basis in that argument.

And I will dismiss the Complaint with prejudice as a final and appealable order."

Crites timely filed her appeal.

¶ 11                                    II. ANALYSIS

¶ 12    At issue is standing—whether the restrictive covenants which only reference the first

Blackberry Hills plat applied to Crites and allowed her to file her claim for injunctive relief based

5

on properties in Blackberry Hills Second Plat. Additionally, we must determine whether the Declaration of Restrictive Covenants applies to Blackberry Hills Second Plat.

¶ 13    The trial court's order involuntarily dismissing Crites' complaint with prejudice was based on section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2022)) which provides for dismissal when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). "We review the dismissal of a complaint pursuant to section 2-619(a)(9) *de novo*." *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 115 (2008) (citing *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)).

¶ 14    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Glisson*, 188 Ill. 2d at 221. The doctrine is only intended for "parties with a real interest in the outcome of the controversy." *Glisson*, 188 Ill. 2d at 221. In a suit seeking injunctive relief, the party seeking relief must establish that they have a "clearly ascertainable right or interest which needs protection." *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.*, 143 Ill. App. 3d 285, 292 (1986).

¶ 15    We revisit the language of the restrictive covenants in this case on the issue of standing:

"If the parties *** shall violate, or attempt to violate, any of the Covenants herein *it shall be lawful for any other person or persons owning any real property situated in said Subdivision* to prosecute any proceedings *** against the person or persons violating or attempting to violate any such Covenant." [Emphasis added.]

The introductory paragraph of the restrictive covenants expressly states that the covenants apply to Blackberry Hills. The document contains no language reserving the right to add additional lots within the scope of the covenants. As Crites did not own property in Blackberry Hills, and she was

6

seeking to enforce the Blackberry Hills restrictive covenants in Blackberry Hills Second Plat, she did not have standing to do so. *Glisson*, 188 Ill. 2d at 221. As such, the trial court properly dismissed Crites' complaint for lack of standing.

¶ 16 We next turn to whether the restrictive covenants apply to and bind lot 21 in Blackberry Hills Second Plat—the lot purchased by Vojvodich and Evans. We review Crites' arguments that "[t]he original plat covered Lots 1 through 10 of Blackberry Hills Subdivision as fully described in the Declaration of Restrictive Covenants *** [and] [t]he second plat would have the legal effect of attaching the language of the Restrictive Covenants to Lots 11 through 23." She cites no legal or factual authority for the statement that the restrictive covenants attached to lots 11-23. Additionally, there is no entity entitled "Blackberry Hills Subdivision"—a phrase used by Crites to infer that Lots 1-10 and Lots 11-23 are linked together in one legal entity—a subdivision. The recorded plats signify that the two plats, albeit both including "Blackberry Hills" in their recorded titles, are two separate properties.

¶ 17 A party generally has an "equitable right to enforce a restrictive covenant on a defendant's property 'when it can be shown, expressly or by fair implication from the circumstances, that the restriction or covenant is part of a general scheme or plan for the mutual benefit of the owners of all lots in the particular tract.' " *Save the Prairie Society v. Greene Development Group, Inc.*, 323 Ill. App. 3d 862, 867 (2001) (quoting *Wallace v. Hoffman*, 336 Ill. App. 3d 545, 548-49 (1949)). Whether certain restrictive covenants are part of a "general scheme" and applicable to "all lots" requires consideration of the following four factors: "(1) the restrictions are included in all deeds to the subdivision; (2) the restrictions have been previously violated; (3) the burdens imposed are generally equal and for the mutual benefit and advantage of all lot owners; and (4) notice of the restrictions is given in the record plat of subdivision." (Internal quotation marks omitted.) *Save the*

7

*Prairie Society*, 336 Ill. App. 3d at 867-868. Crites' argument fails with element four—notice of the restrictive covenants in the record plat for Blackberry Hills Second Plat.

¶ 18 We review the language in these recorded restrictive covenants to confirm there was no "notice of the restrictions *** in the record plat of subdivision." (Internal quotation marks omitted.) *Save the Prairie Society*, 336 Ill. App. 3d at 868. The recorded restrictive covenants specifically reference the March 7, 1977, Blackberry Hills plat, but do not reference the September 2, 1977, Blackberry Hills Second Plat. The restrictive covenants also do not reserve the right to add additional properties to the covenants or otherwise explain a process to put purchasers of lots in Blackberry Hills Second Plat on notice that they were subject to the covenants for lots 1-10 of the original Blackberry Hills plat. We find that the language of the restrictive covenants is unambiguous and is not subject to any other interpretation. The covenants only apply to the original Blackberry Hills subdivision consisting of lots 1-10.

¶ 19                                  III. CONCLUSION

¶ 20 For the reasons stated in this order, we affirm the Williamson County circuit court's order dismissing Crites' Fourth Amended Complaint with prejudice.


¶ 21 Affirmed.

8